IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS W. ZACH,

                Plaintiff,

  v.

BRIAN BEAHM, TROY HERMANS,
ROBERT SCHENCK, BOB BRYZENSKI, BRENNAN,
LOGAN, TODD JOHNSON, DON RENFRO,
RANDY BERZ, DEIDRE MORGAN, SARA POLK,
CHRISTINE BRATZ, DR. DELAP, and K. LOVELL,

                Defendants.

ORDER

16-cv-823-jdp

---

Plaintiff Thomas W. Zach, a former prisoner at the Thompson Correctional Center, brings claims that prison staff failed to properly treat his dental pain and then conspired to give him a false conduct report that resulted in him serving 43 days of segregation and being transferred away from his family.

Zach has filed a response to defendants' answer, stating that he disputes their defenses. Dkt. 16. He asks that I dismiss the answer, and that the case move forward despite the answer. But plaintiff replies to answers are generally disfavored, and Zach does not identify any particular part of the answer that he wishes to strike. So I will deny his motion, but he is not prejudiced. Defendants' answer is just that: a response to his allegations. It is not a motion to dismiss in its own right, so it does not serve as an impediment to the lawsuit progressing.

Zach has filed a motion for the court's assistance in recruiting counsel, Dkt. 6, and several supplements in which he explains recent developments in his health care. Zach says that he continues to suffer severe pain from a 2014 car accident and lumbar-fusion surgery in August 2014 and May 2015. He perhaps faces an additional surgery in November 2018. He

takes narcotic pain medication that effects his concentration, and he cannot drive a car. He also says that the public library has a two-hour-per-day limit on the use of a computer for word processing, and that his handwriting his very difficult to read.

Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). To prove that assistance in recruiting counsel is necessary, this court generally requires that a pro se plaintiff: (1) provide the names and addresses of at least three lawyers who have declined to represent him in this case; and (2) demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it. *Id*. at 655; *see also Young v. Cramer*, No. 13-cv-077, 2013 WL 5504480, at *2 (W.D. Wis. Oct. 3, 2013).

Zach has submitted several letters from lawyers who have turned down his requests for representation, so he meets the first requirement. But I am not yet convinced that he meets the second. I recruited counsel for Zach in a previous case, No. 13-cv-849-jdp, in the more immediate aftermath of his car accident. He clearly faces some medical and logistical impediments, but he has shown an ability to file well-reasoned documents in this case. The word-processing limits at the library are not a reason to recruit counsel; the handwritten submissions he has filed thus far are legible. And it is still relatively early in the case so I cannot tell for certain that the legal issues at play will be particularly complex, or that the tasks he will need to accomplish to litigate the case will overwhelm his capabilities. If he faces particular

periods of time in which he will be incapacitated, such as a potential November surgery, he should inform the court and I will consider extending deadlines to accommodate him.

I will also point out that Zach has two other lawsuits currently pending in this court. This court cannot recruit counsel for every pro se plaintiff, and it likely will not be able to find counsel for each of Zach's cases, even if I thought it was appropriate. The court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring). Because I am not yet convinced that the court should recruit counsel for Zach, I will deny his motion. But that dismissal will be without prejudice, so that Zach can renew his motion later. But he will have to explain how his impediments have kept him from completing the tasks he needs to accomplish.

Defendants have filed a motion to stay the proceedings pending a ruling on Zach's motion for counsel, Dkt. 43, and they note that Zach has not cooperated with their discovery requests, perhaps in anticipation of receiving recruited counsel. I will grant defendants' motion and set the following new schedule to give the parties time to conduct discovery and submit dispositive motions:

> Disclosure of expert witnesses: Zach: November 5, 2018; Defendants: December 3, 2018
>
> Dispositive motions deadline: December 3, 2018
>
> Discovery cutoff: April 1, 2019
>
> Final pretrial submissions and disclosures: April 8, 2019
>
> Pretrial submission responses: April 22, 2019
>
> Final pretrial conference: May 1, 2019, at 2:00 p.m.

Trial: May 6, 2019, at 9:00 a.m.

ORDER

IT IS ORDERED that:

1. Plaintiff Thomas W. Zach's motion to dismiss the answer, Dkt. 16, is DENIED.

2. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 6, is DENIED without prejudice.

3. Defendants' motion to stay the schedule, Dkt. 43, is GRANTED. The current schedule and trial date are STRUCK and a new schedule is set as detailed above.

Entered September 28, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge