United States District Court For the Western District of Wisconsin

Thomas W. Zach
    Plaintiff,

v.

James Thorpe, Robert Schenck,
Karen Gourlie, Welcome Rose,
Timothy Lundquist, and Jean Carlson,
    Defendants.

DOCKET NO. ____
U.S. DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
OCT 22 2018
FILED
PETER OPPENEER, CLERK

ORDER

16-cv-442-jdp

---

Thomas W. Zach,
    Plaintiff,

v.

Brian Beahm, Troy Hermans,
Robert Schenck, Bob Bryzenski,
Brennan, Logan, Todd Johnson,
Don Renfro, Randy Berz, Deidre Morgan
Sara Polk, Christine Bratz, Dr. Delap, and
K. Lovell,
    Defendants.

ORDER

16-cv-823-jdp

---

Notice is hereby given that Thomas Zach (plaintiff), in the above named cases, hearby appeal to the United States Court of Appeals for the 7th Circuit and the

Order by the Court dated October 12, 2018.

### Plaintiff Basis and Foundation For Appeal

Plaintiff previously filed Motion (2) with the Court requesting the Court for assistance to recruit Counsel. Plaintiff is an indigent, unemployed convicted felon in the state of Wisconsin. Plaintiff is broke and living in my Mothers' (89) spare bedroom. Plaintiff contacted no less than twenty (20) attorneys and Law offices requesting legal assistance (verified through certified mail and email). Plaintiff has a well documented, dibilitating health condition that was recently verified in writing by plaintiffs licensed medical professional. Plaintiff has been unsuccessful securing employment to earn money needed to pay for legal copies, legal postage and the copies and postage costs which will be far greater during the summary judgment stage than the pleading stage. Plaintiff maintains that, because my father passed away late last year, that my retired mothers income was slashed in half thus, mom no longer able to assist with anymore legal fee's or expenses associated with both of these cases. Plaintiff is not a trained legal professional or anything close. The Court denied plaintiffs Motion for Recruitment of Counsel assistance. Plaintiff filed a Motion for Reconsideration based on the facts which support assistance of recruitment of Counsel.

The Court acknowledged that prose litigants are not as skilled as attorneys and therefore struggle with many tasks associated with litigating a lawsuit yet, still denied plaintiffs Motion For reconsideration.

The Court further confirmed plaintiffs medical conditions, lack of training, and lack of funds, but, the Court failed miserably to acknowledge or outline (within the Courts dated October 12, 2018 ORDER to deny court assistance in recruiting counsel) how an Indigent, broke, unhealthy and untrained in law prose Felon plaintiff is supposed to find or secure the minimum funds needed to prosecute not one but two highly complex federal civil suits involving, the state of Wisconsin and through the summary judgement stage where cases are won and loss every day. The court merely offers that (plaintiff) 'is capable of presenting his written thoughts or his thoughts in written form'.

Plaintiff maintains that the summary judgment stage is far more advanced and far more technical than the pleading stage. Prose plaintiffs' do not get the benefit of having documents liberally construed, like the pleading stage, and it puts the defendants in a far superior position regardless of strength of plaintiffs previous pleadings. Furthermore, even if it were possible to prosecute two cases this complex without any money through a successful summary judgment for both, any lawyer that the Court would assist in recruiting for plaintiff would

have to play catch up for months, many months. All while the defendants have their own bought and paid for attorney and the Department of Justice defending them.

In matters similar to this or matters where state employees are being sued in Federal Court, the defendants always get an attorney through the Department of Justice, at tax payer expense. Even though plaintiff is broke and unemployed and considered old (54) or 'untrainable' at my age, there was a time that I paid taxes on income etc. That income actually helps pay for the defendants attorney, but I don't get one for myself when I can't prosecute or represent myself in these two provable, substantial cases. That violates fundamental fairness. Even if plaintiff was healthy and capable of prosecuting both substantial suits, plaintiff's mother and family can no longer pay for any more of the legal expenses for plaintiff. At the same time, if plaintiff was still in prison and filed these lawsuits prose indigent, it's likely the Court would have granted Recruitment of Counsel. But the only difference for plaintiff who is indigent, and unhealthy, is that there's no steel bars in my window and I'm not surrounded by razor wire anymore.

Plaintiff respectfully requests the United States Appeals Court for the 7th Circuit to rule in plaintiffs favor and to order the Court to reverse its decision dated October 12, 2018 and to order Court

to assist in recruiting plaintiff counsel.

Thank you for your time and consideration.

Respectfully,

Thomas S. Jack    October 22, 2018
pro se plaintiff


cc: US District Court
    Western District for Wisconsin ✓

    Wisconsin Attorney General ✓

    Home file ✓